IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA JEAN ALLEN, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CASE NO. 4:16-CV-3684 | |
| § | | |
| INFINITY COUNTY MUTUAL § | | |
| INSURANCE COMPANY, § | | |
| Defendant. § | | |
| § | | |

## **MEMORANDUM AND ORDER**

Plaintiff Sandra Jean Allen, proceeding *pro se* and *in forma pauperis*, has sued Defendant Infinity County Mutual Insurance Co. ("Infinity"), asserting Infinity has wrongfully denied her coverage under a personal automobile policy. Pending before the Court is Infinity's "12(B)(1) Motion to Dismiss Plaintiff's Original Petition" ("Motion") [Doc. # 8]. Allen has filed a Response [Doc. # 11], to which Infinity has replied [Doc. # 13]. Because the Court lacks subject matter jurisdiction, Infinity's Motion is **granted**.

### I.   **LEGAL STANDARD AND ANALYSIS**

#### A.   **Liberal Construction of *Pro Se* Pleadings**

A document filed *pro se* must be "liberally construed" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(internal quotation marks omitted). *See* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"); *Hood v. Pope*, 627 F. App'x 295, 299 n.7 (5th Cir. 2015).

### B. Federal Subject Matter Jurisdiction

#### 1. Legal Standard

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). There are generally two possible sources of federal jurisdiction for a district court: (1) federal-question jurisdiction, for cases arising under the Constitution or federal law, and (2) diversity of citizenship. 28 U.S.C. §§ 1331–1332. The burden to establish federal jurisdiction is on the party invoking jurisdiction. *Howery,* 243 F.3d at 916.

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted). "The pleading's allegations are presumed to be true, and '[i]f those allegations sufficiently allege a claim for recovery the complaint stands and the federal court must entertain the suit.'" *Walter v. Old Am. County Mut. Fire Ins. Co.*, Civil Action No. H–12–2581, 2012 WL 5818227, at *1 (S.D. Tex. Nov. 14, 2012)

2

(quoting *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 286 (N.D. Tex. 2012)).

### 2.     Federal Question Jurisdiction

Federal district courts have federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Even generously construed, Allen's Complaint does not allege any claims arising under federal law. Allen asserts claims against Infinity for "negligent infliction, defamation, calumny, libel, slander, actual malice, intentional torts, and dignitary torts."[1] None of Allen's claims implicate federal law. Federal question jurisdiction is not present.

### 3.     Diversity Jurisdiction

The other general basis for federal subject matter jurisdiction requires complete diversity of citizenship between plaintiffs and defendants, as well as more than $75,000 in controversy. *See* 28 U.S.C. § 1332(a). "Complete diversity

---

[1] *See* Complaint [Doc. # 1], at ECF 6-7. In her Response [Doc. # 11], Allen adds a state law claim for "extreme emotional distress." *See* Response [Doc. # 11] at ECF 3.

'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting M*cLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).

Allen, in her Complaint, states that she is a citizen of Texas. *See* Complaint [Doc. # 1], at ECF 2. Infinity, a corporation organized and existing under the laws of Texas with a principal place of business in Birmingham, Alabama, is also a citizen of Texas. *See* 28 U.S.C. § 1332(c).[2] Allen points out that Infinity's counsel, admitted *pro hac vice*, is a Florida firm. She is correct. Diversity, however, is determined with respect to the citizenship of the parties, not their lawyers. *See Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) ("if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist."). Accordingly, federal subject matter jurisdiction based on diversity of citizenship is absent.

## II.  CONCLUSION AND ORDER

For the reasons stated above, it is hereby

**ORDERED** that Defendant Infinity County Mutual Insurance Company's 12(B)(1) Motion to Dismiss Plaintiff's Original Petition [Doc. # 8] is **GRANTED**.

---

[2]  *See* Complaint [Doc. # 1], at ECF 2; Affidavit of Stephanie McGuire, Exh. 1 to Motion [Doc. # 8-1].

It is further

**ORDERED** that this case is **DISMISSED without prejudice** for lack of subject matter jurisdiction. The Court will issue a separate Dismissal Order.

SIGNED at Houston, Texas, this 17th day of **February, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE